UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC POIRIER,

        Plaintiff,

  v.                                  Case No. 07-C-67

PHIL KINGSTON, et al,

        Defendant.

**MEMORANDUM DECISION AND ORDER**

Plaintiff Eric Poirier, an inmate in Waupun Correctional Institution ("WCI"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, claiming that Phil Kingston, the warden at WCI, and Nevin Webster, the law librarian, violated his Fourteenth Amendment right of access to the courts. The United States Supreme Court recognized such a right in *Bounds v. Smith*, where it held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 818, 828 (1977). "[P]roof that a lack of access to legal materials has undermined a concrete piece of litigation is an essential component of any claim along these lines." *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007) (*citing Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).

In his complaint, Poirier alleges the defendants interfered with his ability to prosecute a federal habeas corpus action in which he was challenging his conviction for attempted First Degree Intentional Homicide for which he is serving a sixty-year sentence. Poirier alleges that the

defendants failed to provide him transcripts of his case or allow him access to his legal materials when he was in segregation. As a result, he alleges that he was unable to meet the deadline imposed by the court and his petition was dismissed. The case is presently before me on the defendants' motion for summary judgment.

Summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a *genuine* issue of *material* fact for the case to survive. *Id.* at 247-48.

The defendants contend that they are entitled to judgment as a matter of law because the undisputed facts establish that Poirier failed to exhaust his administrative remedies prior to filing his § 1983 lawsuit. It is clearly the law that a prisoner must exhaust his administrative remedies before bringing suit under § 1983. The Prisoner Litigation Reform Act ("PLRA") states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion requires complying with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002) ("To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim."). This includes complying with applicable time limits. *Id.* Any other approach would allow prisoners to exhaust administrative remedies by spurning them and thereby defeat the

2

statutory intent in requiring exhaustion in the first place. *Id.* 1023-24. Thus, a prison grievance rejected solely on the basis of untimeliness does not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S.Ct. 2378, 2386 (2006).

Wisconsin has in place an Inmate Complaint Review System ("ICRS") under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Adm. Code § DOC 310.01. Under the ICRS, an inmate complaint must be filed "within 14 calendar days after the occurrence giving rise to the complaint" unless accepted late "for good cause." Wis. Adm. Code § 310.09(6). Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir.2004). In that event the grievance is considered to have served its function of inviting prison administrators to take corrective action, and thus the administrative exhaustion requirement is considered satisfied. *Id.*

In this case, Poirier filed his inmate complaint on November 16, 2006. (DPFOF ¶ 8.) The occurrence giving rise to his complaint, however, the dismissal of his federal habeas action, occurred on June 14, 2006. (DPFOF ¶ 13.) As a result, the Inmate Complaint Examiner ("ICE") rejected Poirier's complaint as untimely. (*Id.*) On November 22, 2006, Poirier filed a request for review of a rejected complaint in which he complained that the rejection did not address all the facts in his complaint. (DPFOF ¶ 14-15.) However, on November 28, 2006, the reviewing authority upheld the ICE's rejection of Poirier's complaint, stating, "This complaint was appropriately

3

rejected by the ICE in accordance with DOC 310.11(5)." (DPFOF ¶ 16.) Although Poirier sought further review by the Corrections Complaint Examiner ("CCE"), his request was returned noting the CCE does not review rejected complaints as the decision of the reviewing authority on this issue is final. (DPFOF ¶ 19.) *See* Wis. Adm. Code § DOC 310.11(6) ("An inmate may appeal a rejected complaint within 10 calendar days only to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint. The reviewing authority's decision is final.").

These undisputed facts clearly establish that Poirier failed to properly exhaust his administrative remedies before filing his § 1983 civil rights action. In response, Poirier contends that he did exhaust his administrative remedies, noting that he completed the first two steps. (Resp. at 2.) Apparently, Poirier is referring to the fact that he filed an inmate complaint and then sought review of the decision of the ICE rejecting it as untimely. But this isn't sufficient to show he exhausted his administrative remedies. As the Supreme Court has recently made clear, "PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 126 S.Ct. at 2387. And "[p]roper exhaustion demands compliance with an agency's deadlines ...." *Id.* at 2386.

Poirier also claims that the ICRS is "just another way of hindering you in pursuing habeas corpus relief in Criminal Court law," noting that under the ICRS an inmate can only raise one issue in a complaint. (Resp. at 2.) But the PLRA's exhaustion requirement doesn't apply to actions for habeas corpus, only those challenging the conditions of confinement. 28 U.S.C. § 1997e(a). And Poirier's complaint was rejected because it was not timely; not because he attempted to raise more than one issue. Poirier's claim that the ICRS is intended to hinder inmates in asserting their rights thus has no basis in the facts of this case. *See Woodford*, 126 S.Ct. at 2392 (rejecting argument that prison administrators would devise procedural requirements to trap unwary prisoners and thus

4

defeat their claims where there was no contention "that anything like this occurred in his case, and it is speculative that this will occur in the future").

It is undisputed that Poirier's complaint was untimely and he never made any attempt to explain why. He offered no reason suggesting there was good cause for waiting more than five months before filing. As a result, the complaint was rejected as untimely and no decision was ever made on the merits. Because Poirier failed to properly exhaust his administrative remedies, his § 1983 action cannot proceed. Accordingly, the defendants' motion for summary judgment is granted.

**SO ORDERED** this   8th   day of June, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
